# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BOOKER T. BLAYLOCK,**
    **Plaintiff,**

  v.                                                                            Case No. 13-CV-01449

**DAVID BETH, KENOSHA VISITING NURSE ASSOCIATION,**
    **Defendants,**

## DECISION AND ORDER

Plaintiff Booker T. Blaylock originally filed a joint complaint with Melvin J. Richardson in Case No. 13-CV-0330. On December 27, 2013, I granted Blaylock's motion for leave to proceed in forma pauperis, severed his claim from Richardson's claim, directed the Clerk of Court to open a new case for Blaylock, and ordered Blaylock to file an amended complaint. That amended complaint is now before me for screening.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's claims relate to the denial of medical care. He describes that his right leg itched and that he treated it with common creams and lotions. But then his other leg started itching a month later, and a burning sensation spread all over his body. Plaintiff wrote to the medical staff and a nurse saw the plaintiff. She gave him the same common cream (antifungal/hydrocortisone) that plaintiff had ordered for the other leg.

Plaintiff wrote a second time and said that he might have scabies because an outbreak had occurred on his unit. The nurse treated plaintiff for scabies and, at a follow up examination shortly after, plaintiff said that he felt better. The nurse told plaintiff to contact them if the symptoms returns.

The symptoms did return, but a different nurse refused to give plaintiff scabies treatment again. Plaintiff had itching and burning all over his body that was unbearable. He was given the same useless creams over and over and was charged for them. Plaintiff kept reaching out for help and tried to express his pain and agony, but he was left to suffer. Plaintiff cried himself to sleep a lot of nights. Plaintiff told his lawyer in his criminal case, who told the judge, but no one would help. Plaintiff's mother even called the Kenosha County Detention Center and tried to get them to take plaintiff to see a doctor, but they refused and said there was nothing they could do. When plaintiff arrived at Dodge Correctional Institution ten months later, the doctor immediately diagnosed plaintiff with and treated plaintiff for scabies. In a short amount of time, plaintiff's symptoms subsided, and the itching and burning had stopped. Plaintiff seeks monetary damages for his pain and suffering.

Plaintiff has stated a claim for deliberate indifference to his serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Fields v. Smith, 653 F.3d 550, 554 (7th

Cir. 2011); see also Ciccone v. Sapp, 238 Fed. Appx. 487, 490 (11th Cir. 2007) ("scabies could be deemed objectively serious"); Dusenbery v. United States, 208 Fed. Appx. 180, 182-83 (3d Cir. 2006) (defendant health care provider could be held liable for a violation of inmate's constitutional rights if he believed that the inmate had scabies and deliberately did not treat the disorder).

I must now consider the proper defendants for plaintiff's claim. In the caption of his complaint and the section on parties, plaintiff names Sheriff David Beth and the Kenosha Visiting Nurse Association as defendants. Plaintiff asserts that David Beth should be responsible as sheriff for his staff's actions and his inmates' well being. However, § 1983 does not allow actions against persons merely because of their supervisory roles. T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010); Palmer v. Marion County, 327 F.3d 594 (7th Cir. 2003). Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009). Additionally, the Kenosha Visiting Nurse Association is not a suable entity under § 1983 because it is neither a person nor a municipality.

If plaintiff wants to proceed against individual staff members, he must name the staff members as defendants and allege how they were personally involved in his claim. See Burks, 555 F.3d at 596. If plaintiff does not know the name of the particular individuals, he should call them Nurse Doe or Doctor Doe and describe them and their involvement in his claims to the best of his ability. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). Then, if he is allowed to proceed on claims against those individuals, he can use discovery to find their actual names.

4

Additionally, if plaintiff wants to proceed on a claim that his rights were violated pursuant to a policy or custom at the Kenosha County Detention Center, he should name Kenosha County as a defendant and also identify the policy or custom. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690–91 (1978) (in order to prevail against a county, plaintiff would have to demonstrate that he suffered a deprivation of his constitutional rights based on some official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department).

If plaintiff wants to proceed with this case, he must file an amended complaint curing the deficiencies in the original complaint as described above. Such amended complaint must be filed on or before **Friday, May 30, 2014**. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint by the deadline may result in dismissal of this action.

**THEREFORE, IT IS ORDERED** that on or before **Friday, May 30, 2014**, plaintiff shall file an amended complaint curing the defects in the original complaint as described above.

5

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge